JOSEPH M. CLARE, complainant,

*v.*

ICE CREAM CABINET COMPANY, INCORPORATED, and REID
ICE CREAM CORPORATION, defendants.

[Decided May 20th, 1933.]

*Messrs. McCarter & English,* for the complainant.

*Messrs. Child & Shipman* and *Mr. Waldron M. Ward,* for
the defendants.

BACKES, V. C.

According to the bill, the complainant has a confectionery
and ice cream business in Ridgefield Park. In June, 1932,
the Reid Ice Cream Corporation loaned him a refrigerator,
and he promised to use its ice cream. In October following,
the loan was abrogated and he entered into an agreement with
Ice Cream Cabinet Company, Incorporated, for the purchase
of the refrigerator upon conditional sale, that he pay for it
$315.50 in monthly installments of $8.76, represented by
notes running over a period of three years, and upon his
promise during that time to use the refrigerator "solely for
the purpose of storing or preserving the ice cream sherbets
or other frozen commodities manufactured and/or sold by
Reid Ice Cream Corporation." The right was reserved to
retake upon failure to pay or upon breach of the covenant
regarding the use of the refrigerator. The next day the com-

plainant tried to undo the transaction and two weeks later shipped back the refrigerator. The Ice Cream Cabinet Company, Incorporated, held it in storage for him and demanded payment of the installments due and threatened suit. Suit was brought on the first two notes, whereupon this bill was filed and the suit restrained. The prayer of the bill is that the conditional bill of sale be decreed to be illegal and contrary to public policy and that it and the notes be surrendered. The charge is that the contract is one of many put out in the trade by the Ice Cream Cabinet Company, Incorporated, and Reid Ice Cream Corporation, subsidiaries of The Borden Company, large dealers throughout the country in milk, ice cream, sherbets and other dairy products in interstate commerce; that the practice is rapidly expanding and increasing whereby, with the exaction such as required of the complainant to use the refrigerator solely for the storing of Reid Ice Cream Corporation's products "a monopoly is attempted to be and is gradually beginning to exist in the said territory (New York, Metropolitan district) in the ice cream business by the Reid Ice Cream Corporation, the Ice Cream Cabinet Company, Incorporated, and other subsidiaries of The Borden Company." No fraud or unfairness in the sale of the refrigerator is charged. The whole bill rests on the claim that the sale of the article, coupled with the covenant as to use, is in undue restraint of trade and in promotion of a monopoly prohibited by the federal law found in the fourteenth section of the Clayton act which makes it unlawful for any person engaged in interstate commerce, in the course of such commerce, to make and sell, or contract for the sale of goods for use within the United States on the condition, agreement or understanding that the purchaser shall not use or deal in the goods, wares or other commodities of a competitor, where the effect of such sale may be substantially to lessen competition or tend to create a monopoly in any line of commerce.

Wherein lies a threatened monopoly? Surely not in the complainant's covenant to store Reid's ice cream, only, in the refrigerator. *Federal Trade Commission* v. *Sinclair Refining Co., 261 U. S. 463; People's Brewing Co.* v. *Levin,*

*78 N. J. Eq. 583.* He is not restricted from buying or from storing the ice cream of other concerns in other refrigerators. To his plea, that his store is too small for another· apparatus and that other dealers are in the same fix, there is a simple prescription: Let him and them enlarge if they want to install competing refrigerators.

The complaint that the contract lacks mutuality, in that there is no obligation by the Reid Ice Cream Corporation to sell, no price is fixed, &c., is a vain cry. It is implied that the company will supply the products as required, in the regular course of business, at customary prices. If it defaults the complainant may default. *People's Brewing Co.* v. *Levin, supra.*

The notes were given for the apparatus, so was the covenant. The promise to pay is sought to be enforced, not the collateral promise to use the apparatus in a particular manner. The promise to pay is valid, the covenant to use may not be enforcible. The former stands though the latter fall. *Rosenbaum* v. *United States Credit System Co., 65 N. J. Law 255.*

There is no merit in the bill and it will be dismissed.